[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 11-11384
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JAN 3, 2012
JOHN LEY
CLERK

Agency No. A098-548-747

HUMBERTO ALVAREZ,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

(January 3, 2012)

Before HULL, PRYOR and ANDERSON, Circuit Judges.

PER CURIAM:

Humberto Alvarez seeks review of the order of the Board of Immigration Appeals ("BIA") denying a motion to reconsider, pursuant to Immigration and Nationality Act ("INA") § 240(c)(6)(C), 8 U.S.C. § 1229a(c)(6)(C), the BIA's prior denial of Alvarez's motion to reopen removal proceedings based on changed country conditions under INA § 240(c)(7)(C)(ii), 8 U.S.C. § 1229a(c)(7)(C)(ii).

In Alvarez's motion to reopen, which he filed beyond the 90-day statutory time limit, he alleged that (1) he was married to Angela Guerra; (2) Guerra had been granted asylum in the United States; (3) in Venezuela, Guerra organized political opposition to President Chavez and she was physically persecuted; and (4) if Alvarez were returned to Venezuela, he would be persecuted because of his wife's involvement in the opposition to Chavez. The BIA denied Alvarez's motion to reopen, finding that the motion was untimely, and that Alvarez's fear of harm in Venezuela because of his wife's political opposition did not demonstrate changes in Venezuela that would qualify Alvarez for an exception to the time limits for a motion to reopen. Alvarez then filed a motion to reconsider with the BIA, which is at issue in this petition for review. In the motion to reconsider, Alvarez attempted to clarify his argument supporting the motion to reopen and again argued that his circumstances had changed as a result of his marriage. After

2

reconsidering the motion to reopen, the BIA first concluded that Alvarez failed to offer evidence that was not available or could not have been discovered before his removal hearing, as required for motions to reopen, because Alvarez's marriage to Guerra occurred before his removal hearing and Alvarez could have presented evidence at the hearing on the marriage as it affected his asylum claim. The BIA also determined that even if the marriage had occurred after the hearing, it constituted a change in Alvarez's personal circumstances, not the requisite "changed country conditions" or "changed circumstances arising in" the country of nationality to excuse the untimeliness of the motion to reopen. After concluding that Alvarez had not shown any error in the prior decision, the BIA denied the motion to reconsider.

Alvarez argues on appeal that the BIA erred in denying his motion to reconsider. He contends that the BIA erred in concluding that the untimeliness of his previous motion to reopen could not be excused because his marriage to Guerra did not qualify as "changed country conditions arising in the country of nationality," as set forth in the applicable statute, or "changed circumstances arising in the country of nationality," as set forth in the applicable federal regulations. He argues that even though his marriage to Guerra was a change in a personal circumstance, it was still a basis to allow an untimely motion to reopen

3

due to changed circumstances.

We review the BIA's denial of a motion to reconsider for an abuse of discretion. *Assa'ad v. U.S. Att'y Gen.*, 332 F.3d 1321, 1341 (11th Cir. 2003). Our review is limited to determining "whether there has been an exercise of administrative discretion and whether the matter of exercise has been arbitrary or capricious." *Abdi v. U.S. Att'y Gen.*, 430 F.3d 1148, 1149 (11th Cir. 2005) (quotation omitted).

A motion to reconsider presented to the BIA "shall state the reasons for the motion by specifying the errors of fact or law in the prior Board decision and shall be supported by pertinent authority." 8 C.F.R. § 1003.2(b)(1); INA § 240(c)(6)(C), 8 U.S.C. § 1229a(c)(6)(C). However, we have held that

> a motion that merely republishes the reasons that had failed to convince the tribunal in the first place gives the tribunal no reason to change its mind. Therefore, merely reiterating arguments previously presented to the BIA does not constitute 'specifying . . . errors of fact or law' as required for a successful motion to reconsider.

*Calle v. U.S. Att'y Gen.*, 504 F.3d 1324, 1329 (11th Cir. 2007) (alteration, quotations, and citation omitted).

A motion to reopen proceedings before the BIA "shall state the new facts that will be proven at a hearing to be held if the motion is granted and shall be supported by affidavits or other evidentiary material." 8 C.F.R. § 1003.2(c)(1);

INA § 240(c)(7)(B), 8 U.S.C. § 1229a(c)(7)(B). Further, "[a] motion to reopen proceedings shall not be granted unless it appears to the Board that evidence sought to be offered is material and was not available and could not have been discovered or presented at the former hearing . . . ." 8 C.F.R. § 1003.2(c)(1). To make such a showing, the movant "bears a heavy burden, and must present evidence of such a nature that the BIA is satisfied that if proceedings before the IJ were reopened, with all attendant delays, the new evidence offered would likely change the result in the case." *Ali v. U.S. Att'y Gen.*, 443 F.3d 804, 813 (11th Cir. 2006) (quotations and alterations omitted).

Generally, only one motion to reopen is allowed, and it must be filed within 90 days of the date of a final administrative removal order. INA § 240(c)(7)(A), (C)(i), 8 U.S.C. § 1229a(c)(7)(A), (C)(i); 8 C.F.R. § 1003.2(c)(2). This time limit is inapplicable if the basis of the alien's motion is to apply or reapply for asylum and the alien can demonstrate "changed country conditions arising in the country of nationality or the country to which removal has been ordered, if such evidence is material and was not available and would not have been discovered or presented at the previous proceeding." INA § 240(c)(7)(C)(ii), 8 U.S.C. § 1229a(c)(7)(C)(ii). The federal regulations provide that the time limitation applicable to motions to reopen does not apply if a motion seeks "[t]o apply or

5

reapply for asylum" and is "based on changed circumstances arising in the country of nationality or in the country to which deportation has been ordered, if such evidence is material and was not available and could not have been discovered or presented at the previous hearing . . . ." 8 C.F.R. § 1003.2(c)(3)(ii). "An alien cannot circumvent the requirement of changed country conditions by demonstrating only a change in [his] personal circumstances." *Zhang v. U.S. Att'y Gen.*, 572 F.3d 1316, 1319-20 (holding that petitioner's motion was not based on having children, which was a changed personal circumstance, but on the more stringent enforcement of China's one-child policy since petitioner's removal, and the likelihood of petitioner's forced sterilization).

After a review of the record and consideration of the parties' briefs, we conclude that the BIA did not abuse its discretion by denying Alvarez's motion to reconsider. In the motion to reconsider, Alvarez failed to demonstrate any error of fact or law in the BIA's prior decision denying his motion to reopen. *See Calle*, 504 F.3d at 1329. The BIA correctly denied the previous motion to reopen because it was untimely, and was not based on new evidence. Alternatively, Alvarez failed to demonstrate that his motion to reopen was based on changed country conditions, rather than a change in personal circumstances, so as to qualify for an exception to the time restrictions applicable to motions to reopen.

6

Accordingly, we deny the petition.

**PETITION DENIED.**